NORTHLAND INVESTMENT CORPORATION *vs.* GOODWIN
PROCTER LLP.

No. 11-P-1555.

Middlesex. April 6, 2012. - July 25, 2012.

Present: RAPOZA, C.J., RUBIN, & FECTEAU, JJ.

*Arbitration,* Attorney's fees, Conduct of proceedings, Judicial review.

In a civil action, the judge properly confirmed an arbitration award, where
there was no merit to the claim that the arbitrator refused to hear evidence
material to the controversy. [273-274]

CIVIL ACTION commenced in the Superior Court Department on
November 18, 2010.

The case was heard by *S. Jane Haggerty,* J., and a motion for
partial relief from judgment or to alter or amend the judgment
was considered by her.

*Theodore J. Folkman* for the plaintiff.

*Robert L. Ullmann* (*Benjamin L. Mack* with him) for the
defendant.

RUBIN, J. Northland Investment Corporation (Northland) ap-
peals from a judgment confirming an arbitration award that
resolved a fee dispute between Northland and its law firm Good-
win Procter LLP (Goodwin).

The arbitration hearing between Northland and Goodwin
began on July 26, 2010, and lasted three days. Both sides
presented testimony, cross-examined witnesses, and submitted
exhibits in evidence. Goodwin moved to exclude evidence that
Northland sought to introduce to show that one of Goodwin's
senior partners had disclosed confidential information about
Northland to an investor, in violation of the law firm's duty of
loyalty and in breach of its obligation of confidentiality. The
arbitrator requested that the parties provide him with relevant

case law and heard oral argument on Goodwin's motion to exclude. Northland does not dispute Goodwin's assertion that it was allowed to make a full offer of proof. After reviewing the case law and considering the arguments made by the parties, the arbitrator determined that the evidence was immaterial and should be excluded. On October 19, 2010, the arbitrator issued a decision, awarding Goodwin approximately forty-five percent of the legal fees it was seeking from Northland.

Northland filed an application to vacate or modify the award with the Superior Court, which was denied. Final judgment entered on July 1, 2011, confirming the arbitrator's award. Northland filed a notice of appeal with this court on July 21, 2011. Northland argues that the arbitration award should have been vacated rather than confirmed because the arbitrator "refused to hear evidence material to the controversy," which is one of the bases for vacatur enumerated in G. L. c. 251, § 12(*a*)(4), inserted by St. 1960, c. 374, § 1.

To begin with, we disagree with Northland's contention that this court is empowered to engage in more searching inquiry in its review of an arbitration award simply because what has been arbitrated is an attorney's fee dispute. We read *Marino* v. *Tagaris*, 395 Mass. 397 (1985), as an exercise of the Supreme Judicial Court's supervisory power — a power committed by statute only to that court, see G. L. c. 211, § 3 — rather than as calling for more searching inquiry in the ordinary course of arbitration awards in attorney's fee disputes.

In any event, even if more searching inquiry were called for, Northland has failed to demonstrate that the arbitrator "refused to hear evidence material to the controversy." G. L. c. 251, § 12(*a*)(4). The arbitrator's decision not to admit the evidence was made after a full offer of proof and oral argument. Even if the evidence were material, the arbitrator's decision does not amount to a "refus[al]" to hear it. Contrast *Hague* v. *Piva*, 61 Mass. App. Ct. 223, 225-227 (2004). The statute speaks of "refus[ing] to hear evidence material to the controversy," not of erroneous determinations not to admit material evidence or "failures" to hear material evidence. We therefore do not read the statute to create a special rule by which, contrary to the ordinary principles of review of arbitration awards, we may

vacate an arbitrator's award simply because we decide that evidence we determine to be "material" was erroneously excluded from the arbitration.

For aught that appears in the record, the arbitrator in this case may simply have concluded that the alleged breach of fiduciary duty, which caused no injury to Northland, provided no defense to Goodwin's fee claim, and that the proffered evidence, which the arbitrator evaluated, was therefore not material to the issue before him. Even if the decision by the arbitrator to exclude the evidence were based upon an error of law, a point on which we express no opinion, an error of law does not provide a basis for a court to vacate an arbitration award. See *Lynn* v. *Thompson*, 435 Mass. 54, 61 (2001), cert. denied, 534 U.S. 1131 (2002).

Goodwin has sought appellate attorney's fees in this case, arguing that they are covered by the language in the arbitration agreement. We express no opinion whether the agreement provides for such fees. If the parties have a dispute about the meaning of the attorney's-fee provision in their agreement, this court is not the forum in which to resolve that dispute in the first instance.

*Amended final judgment*
*affirmed.*