NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-983

KAMILAH LAND

vs.

SHATASHA A. AUGMON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff filed a complaint against the defendant for one count of negligence arising out of a motor vehicle accident that occurred on November 22, 2017. The parties subsequently agreed to binding arbitration. The record before the arbitrator included an expert report from a physician. The plaintiff's position, which she says was argued to the arbitrator, is that in this expert report, the expert concluded that the plaintiff suffered a permanent two percent impairment of her whole person.

The arbitrator issued an award that included the statement, "Despite [the plaintiff's] complaints of ongoing residuals, there are no medical supports from any doctor, or primary care physician referencing these concerns." The plaintiff argues that this is inaccurate. The plaintiff's counsel sent a

postaward e-mail message to the arbitrator that "I see no reference [in the award] to the permanency report justifying [the plaintiff's] complaints as testified to by [the plaintiff's expert]."  The arbitrator wrote back, "Thankyou [sic] for your email.  Although there is no reference to [the expert's] report in the award I did read and consider it in my opinion."

The plaintiff then filed a motion to vacate the arbitration award in the Superior Court.[1]  A judge of that court denied the motion and the plaintiff has now appealed from that order.

It is well settled that the scope of review of an arbitration award on a motion to vacate is narrow.  Indeed, the Supreme Judicial Court has said, "When parties agree to arbitrate a dispute, courts accord their election great weight.  The strong public policy favoring arbitration requires us to uphold an arbitrator's decision even where it is wrong on the facts or the law, and whether it is wise or foolish, clear or ambiguous."  Boston v. Boston Police Patrolmen's Ass'n, 443 Mass. 813, 818 (2005).

---

[1] At the time that the motion was filed, a judgment of dismissal had entered based on the parties' failure to comply with a nisi order.  Although styled as a motion to vacate the judgment of dismissal, we treat the postjudgment motion as a motion to vacate the arbitration award consistent with the motion judge's decision on the merits and the parties' briefing on appeal.

2

The plaintiff argues here, as she did below, that the statement of the arbitrator that "there are no medical supports from any doctor, or primary care physician referencing" permanent injury, in the face of a report that, we will assume without deciding, asserts that there are, is no mere error of fact. Rather, she argues, the arbitrator "refused to hear evidence material to the controversy," which is a ground for vacating an arbitration award under G. L. c. 251, § 12 (a) (4).

Assuming not only that the expert's report must be read as the plaintiff would read it, and that the postaward e-mail message exchange with the arbitrator should not be considered in evaluating the question before us, we conclude that there was nonetheless no refusal to hear material evidence in this case. In Northland Inv. Corp. v. Goodwin Procter LLP, 82 Mass. App. Ct. 272, 273 (2012), construing identical statutory language, we held that, when a "decision not to admit [what was presumed to be material evidence] was made by an arbitrator after a full offer of proof and oral argument," it did not amount to a refusal to hear the evidence -- even though in that case, unlike this, the arbitrator specifically ruled in excluding the evidence that he would not hear it. Likewise, we do not think that the arbitrator's action here -- whether characterized as erroneously describing what is in the record in a way that excludes some material evidence or failing to consider or

3

understand a piece of material evidence that is in the record --
amounts to a "refus[al] to hear evidence material to the
controversy" within the meaning of the statute.  G. L. c. 251,
§ 12 (a) (4).  Consequently, the order entered July 5, 2023,
denying the motion to vacate the arbitration award is affirmed.

So ordered.

By the Court (Rubin,
  Englander & D'Angelo, JJ.[2]),

Clerk

Entered:  June 27, 2024.

---

[2] The panelists are listed in order of seniority.

4